# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SARAH MARTIN, *individually and on behalf of all others similarly situated,* | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. _____ |
| HCA HEALTHCARE, INC., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## NOTICE OF REMOVAL

Defendant HCA Healthcare, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 for the purpose of removing this case from the Circuit Court for the State of Tennessee, 20th Judicial District, at Nashville, to the U.S. District Court for the Middle District of Tennessee.

Pursuant to 28 U.S.C. § 1446(a), Defendant states the following grounds for removal:

1. On or about July 26, 2023, Plaintiff filed a Summons and Complaint (the "Complaint") in the action *Martin v. HCA Healthcare, Inc.*, No. 23-C-1744, pending in the Circuit Court for the State of Tennessee, 20th Judicial District, at Nashville (the "Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the state court file, including all process and pleadings as served upon Defendant, is attached as ***Exhibit 1*** and is incorporated by reference.

2. In accordance with 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days of the date on which Defendant received the Complaint.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441, as this Action arises under the laws of the United States.

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the Complaint alleges damages in excess of $5,000,000, exclusive of interest and costs. *See Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 282 (6th Cir. 2016) ("'[F]ederal district courts [have] original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000,' aggregating the claims of individual members of the proposed class." (quoting *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013))).

5. Defendant is a Delaware corporation with its principal place of business in Tennessee.[1] (Complaint ¶ 23.) As a result, Defendant is considered a citizen of Delaware and Tennessee for purposes of federal subject-matter jurisdiction. *See Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 957 (6th Cir. 2017) (holding that 28 U.S.C. § 1332(d)(2)(A) incorporates dual citizenship for corporations); *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344-46 (11th Cir. 2017) (same); *Johnson v. Advance Am.*, 549 F.3d 932, 935-36 (4th Cir. 2008) (same).

6. The Complaint defines the operative class ("Proposed Class") as "All natural persons residing in the state of Tennessee whose Personal Information was compromised in the Data Breach." (Complaint ¶ 83.) The Proposed Class is a subset of the "11 million patients nationwide [who were] affected by the Data Breach." (*Id.* ¶ 86.)

7. Residency in the state of Tennessee, however, "is not the same as citizenship for purposes of federal subject matter jurisdiction." *Meiman v. Kenton Cnty.*, 2011 WL 350465, at *3 (E.D. Ky. Feb. 2, 2011); *see Martin v. Trott L., P.C.*, 2017 WL 9325508, at *1 (E.D. Mich. Sept. 22, 2017) (finding minimal diversity for CAFA because some Michigan residents would have

---

[1] The Complaint incorrectly states that Defendant is a Tennessee corporation with its principal place of business in Nashville, Tennessee. While Defendant does have its principal place of business in Nashville, Defendant is incorporated under the laws of the State of Delaware.

moved out of state during the relevant time frame); *Wilson v. PBI Bank, Inc.*, 2011 WL 1376709, at *2 (W.D. Ky. Apr. 12, 2011) ("Because Plaintiff has only limited the class to residents, not citizens (i.e., those who are domiciled in Kentucky), Plaintiff's Complaint, on its face, does not preclude a finding of minimal diversity."). Accordingly, as alleged, it is likely that at least one member of the Proposed Class is a citizen of a state other than Tennessee or Delaware. *See Speerly v. Gen. Motors, LLC*, 343 F.R.D. 493, 544 (E.D. Mich. 2023) ("[I]t strains credulity to presume – as the Court would have to in order to conclude that CAFA jurisdiction necessarily is lacking – that not one of the allegedly nearly 10,000 Michigan purchasers of class vehicles has moved out of the state and became domiciled in another state in the more than eight years since the class vehicles first went to market."); *Meiman*, 2011 WL 350465, at *3 (finding that it was likely that "at least one Plaintiff ... is a citizen of Kentucky, so as to establish minimum diversity under CAFA").

8. Because it is likely that the Proposed Class encompasses at least one class member who is a citizen of a state other than Tennessee or Delaware, the requirements for original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) are met. *See Roberts*, 874 F.3d at 955 (observing that diversity jurisdictions extends to class action lawsuits where "any member of a class of plaintiffs is a citizen of a State different from any defendant" (quoting, *inter alia*, 28 U.S.C. § 1332(d)(2)(A)).

9. This Action also asserts claims that are predicated on alleged violations of Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations, as well as violations of Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, and related guidelines. Plaintiff's claims are tethered to Defendant's alleged violations of HIPAA and the FTCA regarding the protection of her Protected Health Information

("PHI"), which was allegedly stolen by hackers who intentionally compromised Defendant's systems. (Complaint ¶¶ 2, 29-30, 50-54.) Based on alleged violations of HIPAA and the FTCA, Plaintiff asserts that Defendant is liable to members of the Proposed Class for (1) negligence; (2) negligence *per se*; (3) breach of confidence; and (4) unjust enrichment. (Complaint ¶¶ 95-147.)

10. Plaintiff having asserted violations of HIPAA and the FTCA, this Court has jurisdiction over this Action because resolution of each of the claims asserted in the Complaint necessarily "requires resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (determining that federal question jurisdiction existed where resolution of claims arising under state law depended on interpretation of disputed federal statute); *United States v. City of Loveland*, 621 F.3d 465, 472 (6th Cir. 2010) (federal question jurisdiction is appropriate where "(1) the state-law claim ... necessarily raise[s] a disputed federal issue; (2) the federal interest in the issue [is] substantial; and (3) the exercise of jurisdiction [does] not disturb any congressionally approved balance of federal and state judicial responsibilities" (quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007)).

11. Indeed, the Complaint alleges that Defendant is a covered entity subject to HIPAA and the HIPAA Privacy Rule and Security Rule, (Complaint ¶ 42 (citing 45 C.F.R. §§ 160, 160.102, 164 Subparts A, C and E)) such that Defendant was subject to "a **nondelegable duty under federal law** to ensure that all information it collects and stores is secure, and that any associated entities with whom it shares information maintain adequate and commercially reasonable data security practices to ensure that protection of patient Personal Information." (*Id.* ¶ 39 (emphasis added).) According to Plaintiff, the Data Breach is a direct result of Defendant's

failure to satisfy its legal obligations under HIPAA and that federal statute's implementing regulations. (*Id.* ¶ 48; *see id.* ¶ 50 (listing ways Defendant allegedly violated HIPAA).)

12. Similarly, Plaintiff alleges that many of Defendant's legal obligations to protect Plaintiff's PHI can be traced to the FTCA and other FTC guidance. (*Id.* ¶¶ 51–54.) In short, the Complaint is inherently premised on the allegation that "Defendant was fully aware of its obligations [pursuant to federal law] to implement and use reasonable measures to protect the Protected Information of Plaintiff and Class Members, but failed to comply with these basic recommendations and guidelines that would have prevented the Data Breach from occurring." (*Id.* ¶ 55.)

13. Plaintiff's reliance on federal law is reflected in the alleged claims themselves, as well as her requests for relief. For instance, Plaintiff's claim for negligence is based on violations of a duty of care allegedly imposed by HIPAA and the FTCA (*id.* ¶¶ 103 ("Defendant's duties also arose under HIPAA regulations"); 104 ("Defendant's duties also arose under Section 5 of the Federal Trade Commission Act"); 107(c) ("Defendant breached its duties to Plaintiff and Class Members ... by ... [f]ailing to comply with regulations protecting the Personal Information at issue during the period of the Data Breach").) Likewise, Plaintiff's negligence *per se* claim is predicated entirely on violations of HIPAA and the FTCA. (*Id.* ¶¶ 118 ("Defendant's violations of HIPAA constitute negligence *per se.*"); 124 ("Defendant's violation of Section 5 of the FTC Act and analogous provisions of Tennessee law constitute negligence *per se*.").) Indeed, the first prayer for relief listed in the Complaint is for "permanent declaratory and injunctive relief to prohibit Defendant from continuing to engage in the unlawful acts, omissions, and practices described herein." (*Id.* ¶ 148(a)); *see also Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020) ("[P]laintiffs' prayer for relief invokes federal jurisdiction because it seeks injunctive

5

and declaratory relief that necessarily requires the interpretation and application of federal law."); *Billiards & Brews, LLC v. City of Knoxville*, 2021 WL 1407947, at *2 (E.D. Tenn. Apr. 14, 2021) (reasoning that a "Complaint presents a federal question" where a cause of action "invokes" federal law and "seeks relief under both federal and state law"). Another prayer for relief requests "statutory damages, trebled, and punitive or exemplary damages, to the extent permitted by law," where the only substantive statutes referenced in the Complaint are HIPAA and the FTCA. (Complaint ¶ 148(d).)

14. Plaintiff, therefore, cannot establish that Defendant acted negligently or committed any other wrongful act absent a showing that Defendant violated an underlying federal law. *See Jenkins v. Medtronic, Inc.*, 984 F. Supp. 2d 873, 880 (W.D. Tenn. 2013) (finding that federal issues were actually disputed for purposes of federal question jurisdiction where plaintiffs could not prevail on a negligence claim "unless they prove[d] that Defendants violated federal requirements imposed by the FDA"). Under such circumstances, the exercise of federal jurisdiction is appropriate. *See, e.g.*, *Billiards & Brew, LLC*, 2021 WL 1407947, at *2 (finding federal question jurisdiction where plaintiff referenced the Fourteenth Amendment in Count Three of the complaint and "ask[ed] for a declaratory judgment and an injunction based on the [constitutional] violation"); *Landers v. Morgan Asset Mgmt., Inc.*, 2009 WL 962689, at *8 (W.D. Tenn. Mar. 31, 2009) ("As pleaded, the negligence and fiduciary duty counts require a court to resolve federal law.... As a result, Plaintiffs' allegations ... necessarily raise disputed issues of federal law."); *Cent. Valley Med. Grp., Inc. v. Indep. Physician Assocs. Med. Grp., Inc.*, 2019 WL 2491328, at *3 (E.D. Cal. June 14, 2019) (denying remand where an unfair competition claim was based on violations of the FTCA because a decision on the merits "will require a Court to interpret and apply federal antitrust statutes, case law, and policies").

6

Case 3:23-cv-00909   Document 1   Filed 08/25/23   Page 6 of 12 PageID #: 6

15. The federal laws at issue are substantial in this case because they predominate the Complaint. In the Sixth Circuit, there are four "substantiality" factors to consider: "whether (1) the case includes a federal agency; (2) the federal question is important; (3) the decision on the federal question will resolve the case; and (4) the decision will affect other cases." *City of Loveland*, 621 F.3d at 472 (citing *Mikulski*, 501 F.3d at 570). Although there is no federal agency involved in this Action, the remaining factors weigh in favor of federal question jurisdiction.

16. Plaintiff specifically alleges that many of the Defendant's alleged violations can be traced to "guidance and tools" that were developed by the U.S. Department of Health and Human Services ("HHS") and were intended "to assist a covered entity like Defendant in complying with its data security and privacy obligations." (Complaint ¶ 46; *see id.* ¶ 48 ("Despite these requirements, ***the ample guidance HHS supplies for meeting them***, and Defendant's representations, Defendant failed to implement appropriate safeguards to protect patient private medical information and failed to provide a clear and timely notice of the threat to patient information." (emphasis added)).) Plaintiff further alleges that Defendant failed to adhere to FTC "recommendations and guidelines to help minimize the risks of a data breach for businesses holding sensitive data." (*Id.* ¶¶ 51-54 (describing relevant FTC guidance and highlighting enforcement actions the FTC has taken "against businesses for failing to reasonably protect consumer information, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by [the FTCA]").)

17. Thus, determinations of Defendant's obligations and responsibilities under HIPAA and the FTCA, as well as Defendant's alleged failure to adhere to said obligations and responsibilities, permeate the factual underpinnings of the Complaint, each count, and the prayer

for relief. The federal questions at issue here are important, outcome determinative, and would be controlling over any other lawsuit considering similar facts and issues (of which there are nearly two dozen currently pending in this Court). *See Landers*, 2009 WL 962689, at *8-9 (finding substantiality where "[r]esolution of a federal question is necessary to establish the standard of care" in a negligence case and where the same legal theories "are currently pending in federal court" such that "there is also a substantial risk of inconsistent adjudications").

18. This case also presents no risk of interference with the balance of federal and state judicial responsibilities because there are currently more than twenty class action lawsuits pending in this Court that involve the same alleged facts and circumstances. *See Silvers v. HCA Healthcare, Inc.*, No. 3:23-cv-00684 (M.D. Tenn. filed July 12, 2023); *Crossman v. HCA Healthcare, Inc.*, No. 3:23-cv-00688 (M.D. Tenn. filed July 12, 2023); *Aragon v. HCA Healthcare, Inc.*, No. 3:23-cv-00696 (M.D. Tenn. filed July 14, 2023); *Rubenfeld v. HCA Healthcare, Inc.*, No. 3:23-cv-00698 (M.D. Tenn. filed July 14, 2023); *Sandstrom v. HCA Healthcare, Inc.*, No. 3:23-cv-00707 (M.D. Tenn. filed July 17, 2023); *Delapaz v. HCA Healthcare, Inc.*, No. 3:23-cv-00718 (M.D. Tenn. filed July 18, 2023); *Abramovic v. HCA Healthcare, Inc.*, No. 3-23-cv-00719 (M.D. Tenn. filed July 19, 2023); *Bowers v. HCA Healthcare, Inc.*, No. 3:23-cv-00722 (M.D. Tenn. filed July 19, 2023); *Coats v. HCA Healthcare, Inc.*, No. 3:23-cv-00723 (M.D. Tenn. filed July 20, 2023); *Coleman v. HCA Healthcare, Inc.*, No. 3:23-cv-00724 (M.D. Tenn. filed July 20, 2023); *Wallace v. HCA Healthcare, Inc.*, No. 3:23-cv-00738 (M.D. Tenn. filed July 21, 2023); *Hayes v. HCA Healthcare, Inc.*, No. 3:23-cv-00740 (M.D. Tenn. filed July 24, 2023); *Nelson v. HCA Healthcare, Inc.*, No. 3:23-cv-00744 (M.D. Tenn. filed July 25, 2023); *Walker v. HCA Healthcare, Inc.*, No. 3:23-cv-00748 (M.D. Tenn. filed July 25, 2023); *Simon v. HCA Healthcare, Inc.*, No. 3:23-cv-00774 (M.D. Tenn. filed July 28, 2023); *Dekenipp v. HCA Healthcare, Inc.*, No. 3:23-cv-00785 (M.D. Tenn.

filed July 31, 2023); *Hudson v. HCA Healthcare, Inc.*, 3:23-cv-00789 (M.D. Tenn. filed Aug. 1, 2023); *Hinds v. HCA Healthcare, Inc.*, No. 3:23-cv-00794 (M.D. Tenn. filed Aug. 2, 2023); *Bonecutter v. HCA Healthcare, Inc.*, No. 3:23-cv-00812 (M.D. Tenn. filed Aug. 4, 2023); *Glascock v. HCA Healthcare, Inc.*, No. 3:23-cv-00822 (M.D. Tenn. filed Aug, 7, 2023); *M.R. v. HCA Healthcare, Inc.*, No. 3:23-cv-00835 (M.D. Tenn. filed Aug. 9, 2023); *Hahn v. HCA Healthcare, Inc.*, No. 3:23-cv-00874 (M.D. Tenn. filed Aug. 18, 2023); *Sperling v. HCA Healthcare, Inc.*, No. 3:23-cv-00902 (M.D. Tenn. filed Aug. 24, 2023). Indeed, by its own terms, the Proposed Class in this Action is simply a subset of the nationwide class represented in each of the aforementioned cases.[2] (*See* Complaint ¶ 86 (alleging that the Proposed Class satisfies the numerosity requirement because "Defendant has represented on its website that 11 million patients ***nationwide*** are affected by the Data Breach" (emphasis added)).)

19. Accordingly, this Court has jurisdiction over Plaintiff's claims against Defendant pursuant to 28 U.S.C. § 1331 because the Action arises under laws of the United States in that federal law is central to the allegations in the Complaint.

20. Further, to the extent any of Plaintiff's claims are not predicated on federal law, this Court has supplemental jurisdiction over such claims because they form part of the same case or controversy. 28 U.S.C. § 1367; *see Aldrich v. Univ. of Phx., Inc.*, 661 F. App'x 384, 389 (6th Cir. 2016) ("When the court appropriately exercises original jurisdiction over an action, claims that are related to the claims making up that action can be added to the suit under § 1367.").

---

[2] As further illustration of how this Action is merely a subset of the pending federal litigation, counsel for Plaintiff also represents Laura Delapaz and Joshua Tuttle-Maceina in *Delapaz v. HCA Healthcare, Inc.*, No. 3:23-cv-00718 (M.D. Tenn.); Arthur Dekenipp in *Dekenipp v. HCA Healthcare, Inc.*, No. 3:23-cv-0785 (M.D. Tenn.); Suzanne Wallace in *Wallace v. HCA Healthcare, Inc.*, No. 3:23-cv-00738 (M.D. Tenn.); and Marcus Glascock in *Glascock v. HCA Healthcare, Inc.*, No. 3:23-cv-00822 (M.D. Tenn.).

21. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for the State of Tennessee, 20th Judicial District, at Nashville, as provided by law, and notice is being sent to Plaintiff's counsel.

22. Defendant has not attempted to remove this Action previously.

23. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

24. The allegations of this Notice are true and correct and within the jurisdiction of the U.S. District Court for the Middle District of Tennessee, and this Action is removable to the U.S. District Court for the Middle District of Tennessee.

25. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil procedure.

26. An appropriate Form JS-44 civil cover sheet is attached as ***Exhibit 2***.

27. For all of the foregoing reasons, removal of this Action to this Court is proper pursuant to 28 U.S.C. § 1441(b) and (c).

Based on the foregoing, Defendant hereby removes this Action from the Circuit Court for the State of Tennessee, 20th Judicial District, at Nashville, to the U.S. District Court for the Middle District of Tennessee.

**DATED** this 25th day of August, 2023.

Respectfully submitted,

*/s/ W. Brantley Phillips, Jr.*
W. Brantley Phillips, Jr.
Kathryn Hannen Walker
Taylor M. Sample
Peter C. Rathmell
**BASS BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
bphillips@bassberry.com
kwalker@bassberry.com
taylor.sample@bassberry.com
peter.rathmell@bassberry.com

Elizabeth L. Deeley *(PHV forthcoming)*
Melanie M. Blunschi *(PHV forthcoming)*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
elizabeth.deeley@lw.com
melanie.blunschi@lw.com

Andrew B. Clubok *(PHV forthcoming)*
Susan E. Engel *(PHV forthcoming)*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20005
(202) 637-2200
andrew.clubok@law.com
susan.engel@lw.com

Marissa Alter-Nelson *(PHV forthcoming)*
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
marissa.alter-nelson@lw.com

*Attorneys for HCA Healthcare, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2023, I electronically filed the foregoing, along with the Civil Cover Sheet, with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Mark P. Chalos
Kenneth S. Byrd
Hannah R. Lazarz
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
222 2nd Avenue South, #1640
Nashville, TN 37201

Jason L. Litchman
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1314

Michael W. Sobol
Jallé H. Dafa
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

John Spragens
**SPRAGENS LAW PLC**
311 22nd Ave. N.
Nashville, TN 37203

                                                    */s/ W. Brantley Phillips, Jr.*
                                                    W. Brantley Phillips, Jr.